# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| IN RE:     SIMON H. LONG, | CASE NO. 19-32303 MAW |
| | CHAPTER 7 |
| Debtor. | JUDGE MARY ANN WHIPPLE |

## OPPOSITION TO MOTION FOR RELIEF FROM STAY

Now comes Debtor Simon H. Long ("Debtor"), and files this Opposition to the Motion for Relief from Stay filed by Nationstar Mortgage LLC d.b.a. Mr. Cooper ("Movant's Motion"). Debtor respectfully requests that the Court deny Movant's Motion on the ground that Debtor has followed all instructions of Movant and has made several payments, none of which are acknowledged in Movant's Motion. The rationale of this Opposition is set forth in the Memorandum in Opposition which follows.

Respectfully submitted,

/s/ Scott R. Gordon
Scott R. Gordon (0040566)
Attorney for Debtor
116 West Main Street
Van Wert, Ohio 45891
Ph: 419-238-0114
Fax: 419-238-0195
E-Mail: srgordonlawoffice@gmail.com

**MEMORANDUM IN OPPOSITION**

I.  **FACTUAL HISTORY**

During or about March 2017, Debtor purchased real property located at 1097 Esther Drive, Lima, Ohio, which forms the basis of Movant's Motion (the "Real Property"). He financed a home loan through Loan Depot. *See,* Exhibit 1, Affidavit of Debtor, Paragraph 3. Monthly payments were to be made in the amount of $1,200.00. Debtor made timely monthly payments through October 2018. *See,* Exhibit 1, Paragraph 4.

In August 2018, Debtor and his wife, Ashlie Long, attempted to start a business which ultimately failed. In November 2018, Debtor requested a loan modification. *See,* Exhibit 1, Paragraphs 5 and 6, Exhibit thereto attached. He contacted Loan Depot and spoke with a representative who said this should be possible, but that he should not make payments until the loan modification was complete. Debtor completed the documents when he received them. As Loan Depot requested additional documents, Debtor forwarded them. *See,* Exhibit 1, Paragraphs 6 and 7.

Debtor then received notice that his loan had been transferred to Mr. Cooper. Debtor was informed that he would need to file a new loan modification with Mr. Cooper. After he contacted Mr. Cooper, they forwarded a loan modification package, which was identical to the forms Debtor had completed for Loan Depot. He completed the package and returned it, and was informed that he should not make payments until the modification was approved. *See,* Exhibit 1, Paragraphs 8 through 11.

Throughout March and April 2019, Debtor regularly contact Mr. Cooper to inquire about the status. He was continually informed that the application was in process. Despite receiving notice of arrearage and default, various individuals at Mr. Cooper informed Debtor that he should

not made payments until approval. *See,* Exhibit 1, Paragraphs 12 through 15, and Exhibits referred to therein and attached thereto.

Finally, in May 2019, Mr. Cooper informed Debtor that the modification had been finalized, but that payments would be in the amount of $2,767.86, a figure nearly 2½ times the original payment amount of $1,200.00, a figure Debtor could not afford. Debtor's request had been that arrearage amounts be added at the end of the loan period, a request which had been made to Mr. Cooper, and which Mr. Cooper had indicated would be possible. In July 2019, Debtor filed a Chapter 7 Petition. *See,* Exhibit 1, Paragraphs 16 through 17 and Exhibit attached thereto.

Debtor then contacted Mr. Cooper to again inquire about the loan modification, and was told that a new modification package would be required, due to the Chapter 7 case. Despite being told not to make a payment until approval, Debtor made the first payment of $2,767.86. Debtor once again completed another loan modification package and Hardship Affidavit, and forwarded all additional requested documents. *See,* Exhibit 1, Paragraphs 19 through 25, and Exhibits attached thereto.

Debtor made payments in the amount of $1,200.00 for the months of September and October 2019, which checks have cleared. The undersigned has confirmed that Debtor also made a payment in the amount of $1,200.00 for November 2019, again, despite being told not to make payments until modification approval. *See,* conglomerate Exhibit 2 attached hereto. Debtor has never received a response to the most recent modification package. *See,* Exhibit 1, Paragraphs 26 and 27.

Movant's Motion makes no acknowledgement of the countless communications between Debtor and Movant or the three modification packages completed by Debtor. Furthermore, it does not acknowledge the payments which have been made by Debtor.

## II.     LAW AND ARGUMENT

Movant does not specify under which Code Section it requests relief from the Automatic Stay, citing "§§ 361, 362, 363 and other sections of Title 11 of the United States Code, and under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1." Because this issue involves the Real Property, Movant is presumably requesting relief under either §362(d)(1) or §362(d)(3)(ii). These subsections read, in pertinent part, as follows.

> §362 Automatic Stay
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
> …
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> …
>> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, **unless**, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within the 90-day period), or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later:
>> …
>> (B) **the debtor has commenced monthly payments**, that:
>> …
>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate.  (emphasis applied)

*U.S.C. §§362(d)(1) and (3)(B)(ii)*

In *In re Poissant*, 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009), this Court has made clear that the creditor has the burden to prove that just cause exists for it to receive relief from Stay. Further, the debtor must prove all issues other than equity. While the substance of that case differs from the within case, that portion of the Court's holding are quite applicable to the case at hand. This Court held as follows.

4

> Regarding Section 362(d)(1), the Bank has to initially establish that cause exists, while the Debtor bears the ultimate burden on all issues other than the equity in his property. 11 U.S.C. §362(g). If the Bank cannot make this initial showing, relief should be denied to the Bank without requiring the Debtor to make any showing that he is entitled to continued protection of the automatic stay. *Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2d Cir.1990).

*In re Poissant*, 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009)

Debtor has set made every possible attempt to communicate regularly with Movant, and with Movant's predecessor, Loan Depot. He has completed three separate loan modification packages. He has attempted to bring payments up to date, despite being told not to do so by Movant and Movant's predecessor, Loan Depot. He has received conflicting and confusing communications from Movant. After being informed that his modification package would be shortly approved, he received a Motion for Relief from Stay. Debtor has made payments and followed every single instruction from Movant.

WHEREFORE, Debtor respectfully requests that the Court deny the Motion for Relief from Automatic Stay.

Respectfully submitted,

/s/ Scott R. Gordon
Scott R. Gordon
Attorney for Debtor
116 West Main Street
Van Wert, Ohio 45891
Ph: 419-238-0114
Fax: 419-238-0195
E-Mail: srgordonlawoffice@gmail.com

5

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 7th day of November, 2019, a copy of the foregoing was served to the following:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

William L Swope, on behalf of the Chapter 7 Trustee's office at trustee7@sbcglobal.net
United States Trustee at Registered address @usdoj.gov
Chris E. Manolis, Attorney for Nationstar Mortgage LLC at cmanolis@logs.com

And by regular U.S. mail, postage prepaid, on:
Simon and Ashlie Long, 1097 Esther Drive, Lima, Ohio 45805
Rachel S. Gilroy, P.O. Box 123, Lima, Ohio 45802

/s/ Scott R. Gordon
Scott R. Gordon (0040566)